IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:18-CR-271 |
| vs. | |
| DANIEL LLOYD, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter comes before the Court on Defendant's Motion (Filing 89) seeking his release to home confinement. The Court interprets Defendant's Motion as either a request for home confinement under 18 U.S.C. § 3624(c)(2) or a request for compassionate release under 18 U.S.C.§ 3582(c)(1)(A) and denies the motion as discussed below.

## I.  BACKGROUND

Defendant pled guilty to Count of the Information: distribution of a cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1). *See* Filing 85 at 1. He was sentenced on June 10, 2020, to thirty-five months of incarceration to be followed by three years of supervised release. Filing 85 at 1-3. That thirty-five-month sentence was the result of a downward variance from the United States Sentencing Guideline range of thirty-seven to forty-six months of incarceration due to presentence rehabilitation. *See* Filing 86 at 1-3.

According to his Motion, Defendant is incarcerated at the Leavenworth satellite camp and was "affected by" the COVID-19 virus in the form of "headaches, chest pain, [and] body aches." Filing 89 at 1. Defendant fears he is again at risk of contracting the virus. *See id.* Because of this fear, Defendant seeks home confinement instead of incarceration. *Id.* Defendant asserts he is a

good candidate for home confinement due to his low risk, lack of violent history, and prior compliance with pretrial supervision conditions in the form of negative drug tests. *Id.*

## II. DISCUSSION

Regardless of the statutory provisions under which Defendant requests release, the Court is unable to provide the requested relief. The Court first addresses Defendant's request under the auspices of 18 U.S.C. § 3624(c)(2). The Bureau of Prisons ("BOP") may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). 18 U.S.C. § 3624(c)(2) directs that the BOP "shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted."

On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). *See* CARES Act, Pub. L. No. 116-136, 134 Stat 281. Section 12003(b)(2) of the CARES Act provides that "[d]uring the covered emergency period, if the Attorney General finds that emergency conditions will materially impact the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time" authorized for home confinement under § 3624(c)(2). On April 3, 2020, the Attorney General found that emergency conditions exist and directed the BOP to prioritize home confinement for "the most vulnerable inmates at the most affected facilities." *See* Attorney General William Barr, Memorandum for Director of Bureau of Prisons: Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (Apr. 3, 2020).

"[T]he BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'" *Tapia v. United States*, 564 U.S. 319, 331, 131 S. Ct. 2382, 180 L. Ed. 2d 357 (2011) (quoting 18 U.S.C. § 3621(b)); *see also* 18 U.S.C. § 3624(c)(4) ("Nothing in this

2

subsection shall be construed to limit or restrict the authority of the [BOP] under section 3621."). Courts "have consistently held that placement questions are not reviewable." See *United States v. Tuckner*, No. CR 16-79 (DWF), 2020 WL 4271785, at *2 (D. Minn. July 24, 2020) (collecting cases). The CARES Act has not changed this. See *United States v. Walker*, No. CR16331DWFLIB, 2020 WL 2490101, at *2 (D. Minn. May 14, 2020) (stating "[n]either the CARES Act nor the [First Step Act] alters" the BOP's "exclusive authority to determine the placement of prisoners"). Accordingly, the Court does not have statutory authority to direct the BOP to place Defendant on home confinement. "The Court may at most recommend the BOP place [Defendant] on home confinement." *United States v. Taylor*, No. 8:19CR99, 2020 WL 4365483, at *2 (D. Neb. July 30, 2020).

While the Court takes seriously the dangers posed by COVID-19, Defendant has not alleged that he has raised his request with the BOP. Because Defendant has not alleged any attempt to seek release from the BOP and because the BOP is the statutorily prescribed arbiter of confinement location, the Court declines to recommend home confinement for Defendant.

Similarly, if Defendant seeks compassionate release pursuant to 18 U.S.C.§ 3582(c)(1)(A), he has not adequately alleged exhaustion of his administrative remedies. In Section 603 of the First Step Act, Congress amended 18 U.S.C.§ 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant has not alleged that he has requested release from the BOP or that such a request was denied. Thus, the Court cannot entertain Defendant's request for compassionate release until his administrative remedies have been exhausted.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion.

IT IS ORDERED:

1. Defendant's Motion (Filing 89) seeking release to home confinement is denied; and

2. The Clerk shall mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 29th day of January, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge