IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

DANIEL LLOYD,

Defendant.

8:18-CR-271

MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A). Filing 95.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction;
>     . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Defendant pled guilty to Count I of the Information: distribution of a cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1). *See* Filing 85 at 1. He was sentenced on June 10,

2020, to thirty-five months of incarceration to be followed by three years of supervised release. Filing 85 at 1-3. That thirty-five-month sentence was the result of a downward variance from the United States Sentencing Guideline range of thirty-seven to forty-six months of incarceration due to presentence rehabilitation. *See* Filing 86 at 1-3. Defendant has previously asked this Court for compassionate release and/or release to home confinement on three separate occasions. *See* Filing 89; Filing 91; Filing 93. The has Court denied all three requests. *See* Filing 90; Filing 92; Filing 94. Defendant now seeks compassionate release again. Filing 95.

However, Defendant has not exhausted his administrative remedies. In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant submitted evidence of his initiation of administrative remedies in the form of a request for compassionate release sent to the warden of his facility of incarceration. Filing 95 at 8. The warden promptly denied the request and informed Defendant of his ability to appeal the denial. Filing 95 at 7. Defendant does not allege that he appealed the denial, and therefore he has not alleged exhaustion of all administrative rights of appeal as required by 18 U.S.C. § 3582(c)(1)(A). Thus, the Court cannot entertain the Defendant's request for compassionate release until his administrative remedies have been exhausted.

IT IS ORDERED:

1.      Defendant's Motion (Filing 95) seeking compassionate release is denied; and

2.      The Clerk shall mail a copy of this Memorandum and Order to the Defendant at his last known address.

2

Dated this 5th day of April, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge