IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>DANIEL LLOYD<br><br>                Defendant. | 8:18-CR-271<br><br>**MEMORANDUM AND ORDER** |

    This matter comes before the Court on Defendant's Motion for Compassionate Release. Filing 38.

    Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

    Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction;
>     . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

    Defendant was sentenced on June 10, 2020, to a term of 35 months' incarceration, as the result of a downward variance, followed by three years of supervised release, after he pled guilty to the charge of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1).

1

Filing 85. On January 20, 2021, Defendant sought an order granting his release to home confinement, Filing 89, and the Court denied his request because he failed to seek release from the Bureau of Prisons as required by statute and did not exhaust his administrative remedies. Filing 90. On February 10, 2021, Defendant again sought release to home confinement, Filing 91, and the Court again denied the request on the same bases. Filing 92. Defendant filed a third, nearly identical motion seeking home confinement on February 22, Filing 93, which the Court promptly denied. Filing 94.

On March 1, 2021, Defendant filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 95. The Court denied the motion because Defendant failed to allege exhaustion of his administrative remedies. Filing 97. Specifically, the Court stated:

> Defendant submitted evidence of his initiation of administrative remedies in the form of a request for compassionate release sent to the warden of his facility of incarceration. Filing 95 at 8. The warden promptly denied the request and informed Defendant of his ability to appeal the denial. Filing 95 at 7. Defendant does not allege that he appealed the denial, and therefore he has not alleged exhaustion of all administrative rights of appeal as required by 18 U.S.C. § 3582(c)(1)(A). Thus, the Court cannot entertain the Defendant's request for compassionate release until his administrative remedies have been exhausted.

Filing 97 at 2.

Defendant then filed the present motion again seeking release from custody, after serving approximately seven months of his sentence, due to the coronavirus pandemic in conjunction with his diabetes, high blood pressure, and prior contraction of COVID-19. Filing 100. In the present motion, Defendant includes a new email he sent to his warden on April 21, 2021, stating that he appealed the warden's denial of his request for compassionate release "over a month ago" and has not received a response.[1] Filing 100 at 3.

---

[1] The Court accepts this allegation as true and therefore assumes Defendant has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A).

Accepting all of Defendant's factual allegations as true, including those about his medical conditions, the Court concludes that he has not shown any extraordinary and compelling reason for a reduction of his sentence or his release from custody. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Melgarejo*, No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), *aff'd*, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020) ("[T]he mere presence of COVID-19 in a particular prison . . . cannot justify compassionate release—if it could, every inmate in that prison could obtain release."). While Defendant has alleged medical conditions in conjunction with COVID-19, the Court is unpersuaded that any higher risk of re-contracting COVID-19 because of these medical conditions meets the "extraordinary and compelling" standard of 18 U.S.C. § 3582(c)(1)(A).

A reduction of his sentence would also be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a), including the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." At sentencing, the Court already varied downward from the guidelines, giving Defendant a lower sentence than that called for under the United States Sentencing Guidelines. Filing 84. Further, as part of the plea agreement in this case, the United States dismissed a count of conspiracy to distribute or possess with intent to distribute five grams or more of actual methamphetamine with

a prior felony drug conviction, a crime that carries a mandatory minimum penalty of ten years of incarceration. *See* Filing 41 at 1; 18 U.S.C. § 841(a)(1) and (b)(1)(B).

The COVID-19 pandemic, although a very significant challenge for everyone in our country, does not diminish the need for just punishment, deterrence, and protection of the public. The Court concludes these factors require the denial of Defendant's motion. Accordingly, the Court denies Defendant's request for compassionate release.

IT IS ORDERED:

1. Defendant's Motion for Compassionate Release (Filing 100) is denied;
2. The Clerk of Court shall mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 26th day of April, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge